IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ERIC KENNEDY                                                                                    PETITIONER
ADC #152210

V.                                         5:14-cv-00229-KGB-JTK

WENDY KELLEY, Director,                                                          RESPONDENT
Arkansas Department of Correction[1]


PROPOSED FINDINGS AND RECOMMENDATIONS INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include

---

[1] Wendy Kelley replaced Roy Hobbs as Director of the Arkansas Department of Correction. Under Federal Rule of Civil Procedure 25(d), Wendy Kelley is automatically substituted as Respondent in this action.

the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Petitioner Eric Kennedy, an inmate at the Arkansas Department of Correction, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) For the following reasons, the Court recommends the district court deny Mr. Kennedy's petition.

I. PROCEDURAL HISTORY

On June 23, 2010, the Faulkner County, Arkansas, Sheriff's Department arrested Mr. Kennedy for aggravated robbery, theft of property between $500 and $2,500, and

theft by receiving between $500 and $2,500. (Doc. No. 8-1 at 13.) Mr. Kennedy was unable to make bond on these charges. *Kennedy v. State*, 2013 Ark. App. 140, at *1 (Feb. 27, 2013). On July 28, 2010, while Mr. Kennedy was in custody on his previous charges, Faulkner County officers arrested Mr. Kennedy for second-degree forgery. *Id.* On November 10, 2010, while Mr. Kennedy remained in custody, Faulkner County officers arrested Mr. Kennedy for criminal mischief, alleging that Mr. Kennedy caused damage to the jail. *Id.* On December 10, 2010, while Mr. Kennedy remained in custody, Faulkner County officers arrested Mr. Kennedy for assault, alleging that Mr. Kennedy hit a corrections officer in the head and gave him a black eye. *Id.*

After both Mr. Kennedy and the State requested to continue Mr. Kennedy's trial multiple times throughout 2010, on April 28, 2011, Mr. Kennedy requested a mental evaluation. (Doc. No. 18 at 47-53, 62-65.) While waiting for the State to send the materials necessary to conduct the mental evaluation to the examiner, Mr. Kennedy requested multiple further continuances. (*Id.* at 54-60.) However, the State apparently did not send a copy of its files to the mental examiner until early-November, 2011. (Doc. No. 18 at 44.) On January 9, 2012, the forensic evaluator submitted the results of Mr. Kennedy's evaluation. (Doc. No. 2 at 14.)

On March 30, 2012, Mr. Kennedy filed a motion to dismiss for the State's failure to provide him with a speedy trial. (Doc. No. 18 at 62.) Mr. Kennedy argued that the State forced him to ask for all the continuances after April 28, 2011, since it did not send the materials necessary for the mental evaluation to the examiner in a timely fashion. (*Id.*

3

at 62-65.) Mr. Kennedy claims that in April 2012, his counsel told him that the trial court denied his motion to dismiss. (*Id.* at 67.) In reality, the trial court never ruled on the motion. (*See* Doc. No. 8-1 at 3-10.)

On April 16, 2012, Mr. Kennedy pleaded guilty to aggravated robbery, second-degree forgery, criminal mischief, and second-degree battery. (Doc. No. 8-1 at 54.) In exchange for his guilty plea, he agreed to serve twenty years in the Arkansas Department of Correction ("ADC"). When he pleaded guilty, Mr. Kennedy waived his right to appeal. (Doc. No. 8-1 at 55.)

On May 14, 2012, Mr. Kennedy filed a Notice of Appeal in the Faulkner County Circuit Court. (Doc. No. 8-1 at 63.) He argued that the trial court incorrectly failed to grant Mr. Kennedy jail credit for his three arrests that occurred while in custody. *Kennedy*, 2013 Ark. App. 140, at *2. On February 27, 2013, the Arkansas Court of Appeals denied Mr. Kennedy's appeal for lack of jurisdiction since Mr. Kennedy waived his right to appeal. *Id.* at *4. On March 8, 2013, Mr. Kennedy petitioned the Arkansas Supreme Court for review. (Doc. No. 18 at 24.) That court denied Mr. Kennedy's petition on April 4, 2013. (*Id.* at 3.)

On June 9, 2014, Mr. Kennedy filed this petition for a writ of habeas corpus. (Doc. No. 2.) On July 28, 2014, the Director of the ADC ("Director") responded to the petition. (Doc. No. 8.) On March 2, 2015, the Court entered an order allowing Mr. Kennedy to file a reply brief within thirty days. (Doc. No. 15.) On April 16, 2015, after the Court granted Mr. Kennedy an extension, Mr. Kennedy filed his reply brief. (Doc.

No. 18.)

II.     ANALYSIS

In his petition, Mr. Kennedy argues that he is entitled to relief based on two grounds: (1) that the State violated his speedy trial rights under the United States Constitution and the Arkansas Rules of Criminal Procedure, and (2) that his trial counsel was ineffective. (Doc. No. 2 at 5.) The Director responds that Mr. Kennedy's petition is barred by the statute of limitations. (Doc. No. 8 at 3.) She specifically argues that the one-year limitations period began after the court of appeals decision became final on February 27, 2013. (Doc. No. 8 at 2.) In his reply brief, Mr. Kennedy claims that the limitations period did not begin running until after the Arkansas Supreme Court issued its mandate on April 4, 2013. (Doc. No. 18 at 3.) He admits that the statute of limitations had still expired by the time he filed his petition, but claims he is entitled to equitable tolling. (Doc. No. 18 at 3-4.)

A district court has jurisdiction to entertain petitions for writs of habeas corpus on behalf of people in custody pursuant to state court judgments. 28 U.S.C. § 2254(a) (2006). The only issue the district court may consider is whether a prisoner is in custody "in violation of the Constitution or laws or treaties of the United States." *Id.* A prisoner must file the petition for a writ of habeas corpus within one year after the state court judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review" unless one of the statutory exceptions apply. 28 U.S.C. § 2244(d)(1) (2006). While a properly-filed application for State post-conviction relief or

other collateral review is pending, the time "shall not be counted toward any period of limitation under this subsection." *Id.* at (d)(2).

Even when the statutory exceptions do not apply to a petitioner's claim, the statute of limitations for filing a petition for a writ of habeas corpus can be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A "petitioner is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 549 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, Mr. Kennedy's petition is barred by the statute of limitations. The circuit court filed the judgments in Mr. Kennedy's cases on April 16, 2012. (Doc. No. 8-1 at 14.) Even though Mr. Kennedy waived his right to appeal when he pleaded guilty, since he filed an appeal, the limitations period to file a habeas petition did not begin running until the mandate issued from the state's highest court. *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (holding that when a habeas petitioner did not appeal to the state court, the limitations period began running when the time for filing an appeal had expired, even if the petitioner waived his right to appeal by pleading guilty). Therefore, Mr. Kennedy had until April 5, 2014, to file his petition. Mr. Kennedy did not do so until June 9, 2014, making his petition untimely.

Mr. Kennedy is not entitled to equitable tolling because he was not pursuing his rights diligently. There is no evidence that Mr. Kennedy filed anything regarding these cases from the point that the Arkansas Supreme Court issued its mandate to the date that

Mr. Kennedy filed his petition. He argues that he could not pursue his rights diligently because his counsel did not notify him that his appeal had been denied until October 28, 2014, despite multiple letters and emails from family members. (Doc. No. 18 at 8-9.) However, this would be four months after Mr. Kennedy filed his petition. (Doc. No. 2.) Mr. Kennedy referred to his appeal multiple times during his petition, showing that Mr. Kennedy knew his appeal was denied before October 28, 2014. (*See, e.g.*, Doc. No. 2 at 9 ("Rather than pursue an appeal which could have never prevail. . . .")) Additionally, the documents presented by Mr. Kennedy as exhibits include the date that his appeal was dismissed. (Doc. No. 2 at 15.) Therefore, the Court finds that Mr. Kennedy knew or should have known that his appeal was dismissed before October 28, 2014. Since Mr. Kennedy was not pursuing his rights diligently, he is not entitled to equitable tolling, and his petition should be denied as untimely.

III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court, the district court must determine whether to issue a certificate of appealability in its final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2) (2006). The Court finds no issue on which Mr. Kennedy has made a substantial showing of a denial of a constitutional right. Thus, the district court should not issue a certificate of appealability.

IV. CONCLUSION

Mr. Kennedy's petition for writ of habeas corpus (Doc. No. 2) is not timely and should be denied, dismissing this action in its entirety with prejudice. The district court should not issue a certificate of appealability.

IT IS SO ORDERED this 22nd day of May, 2015.

_____
United States Magistrate Judge